.Tunan Simpson
delivered the opinion of the Court.
Charles Miles, by his will, devised nearly all his estate, real, personal and mixed, to three of his nephews, or the survivors or survivor of them forever, as trustees and executors, to hold in trust “for the sole and separate use of his daughter, Eliza Ann, and the heirs of her body forever.”
The testaor gave specific directions in reference to the education of his daughter, and the amount of her allowance and expenditure during her minority and previous to her marriage. His will then contains the following provision, viz:
“Should my said daughter marry with the free consent of my trustees, then, and in that case, they may permit my said daughter and her husband to have the use of the said property hereby devised, but subject to the entire control of my said executors and trustees for the benefit of my said daughter or any child or children she may have; but should my daughter, as aforesaid, die without being married, or being married die without children, then, and in that case, my said estate shall descend to four of my neices, namely,” <fec.
Answer of ex-.-seniors andtrus- ■ ' tees.
A tenant for life merely, nothing appearing to curtail his right, is entitled to the whole profits of the estate — that the tenant for life, while a. minor. is restricted in the extent of the use of the profits of the estate, does not curtail the right thereto on arriving at full age.
*288 , Eliza Ann, the daughter, having intermarried with Samuel B. Young, with the full consent and approbation of the trustees, Young and wife exhibit a bill in chancery, in. which they allege that the profits of the estate, since the death of the testator, have amounted tp about three thousand dollars a year, now making a large sum. They claim the .whole of these profits under the will as .belonging to them., and a right to the use and possession of the whole property devised.
During the pendency of the suit the devisee, Eliza Ann, gave birth to a son, who was made a defendant, a.nd. appeared by his guardian ad litem. The persons .to whom the estate was devised upon the contingency .of the death of the testator’s daughter without being married, or being married without children, were also brought before the Court and made parties by the trustees.
The. toustees resist, the claim of the complainants, and ..contend that by a true construction of the will, the profits that accumulated during the minority of the testator’s daughter and before-her marriage, do not belong to her, but constitute a part of the testator’s estate; that she is only entitled to the profits accruing upon those accumulations, and that, they have a right to retain the possession of the whole estate, and control it according to their discretion.
It is not- necessary in this .case to decide, .-(nor does the question -properly arise so as to admit of its decision,) what estate is -conferred upon the testator’s daughter by the provisions of his will. .Whether she takes a mere life estate upder the will, or a, greater estate, is immaterial; in either case the complainants are entitled to the relief which they ask in this bill,
,A tenant for life merely, nothing appearing to the contrary, has a right to all the profits that accrue during the continuance of the life estate. In case of a devise over, it is only the estate that belonged to the testator at the time of his death, that passes by the devise. The first taker is entitled to all the profits during ' the continuance of the estate devised to him or her. *289 and those interested in the devise over, have no right to nor claim upon such profits. There is nothing in this will to prevent the application of these general principles. Indeed they are peculiarly applicable in this case, as the testator’s daughter was manifestly the chief object of his bounty; and even it he intended her to have no more than the enjoyment of his estate during her life, without the po wer of alienation, or the right to make any disposition of it that would jeopardize its security, or defeat the devise over after her death, still he evidently intended her to have the full and complete enjoyment of it during her life, under such limitations only as were necessary for the safety of the property devised. The direction given by him in relation to the amount of her expenditure during her minority, cannot be construed as a limitation upon her rights growing out of the nature of the estate devised to her. It was intended only to control her in the use of the profits that belonged to her, until she arrived at that age when she might be supposed to have discretion to manage them properly, and not to deprive her of the right to that portion of them, that she was not permitted to use and enjoy during her minority.
Though a life estate be vested in trustees, the cestui que trust is in equity the owner, and entitled to the use of such property as will yield profit in its use, unless otherwise directed: {8 Sana, 33.)
Though the will has vested the legal title to all the property devised in the trustees, in trust for the testator’s daughter, yet in equity she is deemed the owner during the continuance of her estate, and is equitably entitled to the possession of such property as will yield a profit in its use, unless the possession of it by her be inconsistent with the intention and design of the testator: Montjoy and wife vs Lashbrook, &c., (8 Dana, 33.)
We think, moreover, that according to a reasonable interpretation of the language of the will, it was the intention of the testator in this case, that his daughter and her husband, upon her marriage with the approbation of the trustees, should be entitled to the possession of so much of the estate devised as consisted in specific property, the use of which they might prefer to a reception of the annual profits,
Where the use pr profits of money and stocks are devised in trust to be under the control of trustees, they have the right to the possession thereof; they paying the profits to the cestui gtte trust.
The object of the testator was to place the legal title beyond the reach of the husband of his daughter, or his creditors, and he for this purpose devised it to trustees for her sole and separate use, and gave them such control over the property as is necessary to secure the beneficial use of it to his daughter as her separate estate, free from the claim pf the husband or his creditors, and thus to carry into effect the purposes of the trust,
Such of the property devised as can be used by the testator’s daughter and her husband without being converted, they have a fight to the possession of, the legal title to it, still remaining in the trustees, and also the right to control the property while it is in the possession of the husband and wife, so far as to prevent any disposition of it, which might defeat the intention of the testator in the creation of the trust. But the money and stodcs belonging to the testator, at the time of his death, should be allowed to remain in the hands of the trustees, and the devisee and her husband take the annual profits arising therefrom, and also the profits in the hands of the trustees which have heretofore accruupon the whole estate. A decree to this effect will afford to the complainants all the relief that they have prayed for in their bill. And as the estate is held in trust for the sole and separate use of the wife, no decree in favor of her and her husband, beyond what she asks for and consents to, should be rendered, even were she the owner of the estate in fee simple, and a decree to this extent she is entitled to, if her estate be only an estate for life.
The Circuit Judge having entertained a different view of the rights of the complainants, refused to allow them any part of the estate, except so mudi as the trustees might think proper to give to them, and decided against their right to the profits that had accumulated prior to the marriage of the testator’s daughter.
Wherefore, the decree of the Circuit Court is reversed and cause remanded with directions to render a decree in conformity with the principles of this opinion, *291 giving to the complainants the whole of the unexpended profits that have accrued upon the estate since the testator’s death, unless, at the instance of the wife, the trustees may be directed to retain it, subject to any disposition that she may think proper to make of it for her sole and separate use.
Riley; C. A. Wickliffe, and J. W. L. Harlan; for appellant; B. Hardin for appellee.